# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROY MARSH APPLEWHITE,

        Petitioner,                               Case Number: 2:16-CV-14386
                                                             HON. ARTHUR J. TARNOW

v.

J.A. TERRIS,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

Petitioner is confined at the Federal Correctional Institution in Milan, Michigan. He has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner alleges that the Federal Bureau of Prisons (BOP) lost jurisdiction over him when the BOP released him to state authorities prior to completion of his federal sentence. Respondent has filed a motion to dismiss on the ground that Petitioner has failed to exhaust his administrative remedies. The Court grants the motion and dismisses the petition without prejudice.

Petitioner was convicted in the United States District Court for the Western District of Michigan of maintaining a drug house, 21 U.S.C. § 856(a)(1); possessing with intent to distribute heroin, 21 U.S.C. § 841(a)(1); being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1); and possessing firearms in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). He is serving a term of 240-months imprisonment. His

projected release date is January 14, 2028.

In the pending habeas corpus petition, Petitioner challenges his continued confinement on the ground that his sentence should be considered discharged from the date that the BOP released him to state custody prior to the completion of his federal sentence.

Section 2241, Title 28, provides an avenue for prisoners to challenge official action affecting execution of a sentence, such as the computation of sentence credits or satisfaction of sentence. *See United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir.1999) ("[A]n attack upon the execution of a sentence is properly cognizable in a 28 U.S.C. § 2241(a) habeas petition."). A federal habeas corpus petitioner must exhaust administrative remedies before seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231-32 (6th Cir. 2006); citing *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981). The petitioner bears the burden of establishing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir.2003). Petitioner has not has presented his claims to the Bureau of Prisons or exhausted available administrative remedies. Petitioner's claims are thus unexhausted and his petition must be dismissed.

For the reasons stated, the Court concludes that Petitioner's claims are unexhausted.  Accordingly, the Court GRANTS Respondent's Motion to Dismiss (ECF No. 5) and DISMISSES WITHOUT PREJUDICE the petition for a writ of habeas corpus. SO ORDERED.

                                                s/Arthur J. Tarnow
                                                ARTHUR J. TARNOW
                                                UNITED STATES DISTRICT JUDGE

Dated: August 8, 2017